IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02328-BNB

DOSSIE L. HOWARD, III,

    Plaintiff,

v.

WELLS FARGO BANK, and
DENVER SHERIFF'S STAFF,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Dossie L. Howard, III, is currently in the custody of the Denver County Sheriff's Department. He initiated this action on September 14, 2010 by filing *pro se* a Motion for Leave to Proceed under 28 U.S.C. § 1915. Plaintiff filed a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 on October 13, 2010.

The Court must construe the Prisoner Complaint liberally because Mr. Howard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Howard has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989). For the reasons set forth below, the Complaint and the action will be dismissed as legally frivolous.

Mr. Howard alleges that he is unable to withdraw monies from his Wells Fargo Bank account because he has forgotten his account number. Compl. at 3. He claims that the Defendant Bank and unidentified members of the Defendant Denver Sheriff's Staff have refused to help him obtain access to his bank account. *Id.* at 4. For relief, Plaintiff requests compensatory damages or, in the alternative, that Defendants be ordered to provide him with his bank account number. *Id.* at 8.

Mr. Howard cannot maintain a § 1983 claim against Defendant Wells Fargo Bank because he fails to allege facts to show that the bank is acting under color of state law. "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." **Wyatt v. Cole**, 504 U.S. 158, 161 (1992).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan ("Sullivan")*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). Plaintiff's suit against Defendant Wells Fargo Bank is legally frivolous because he does not state any facts to support an arguable claim for relief against the Defendant under 42 U.S.C. § 1983. *Nietzke*, 490 U.S. at 324.

Further, Mr. Howard does not allege, nor is the Court aware of any law establishing, that the Defendant Denver Sheriff's Staff violated Plaintiff's constitutional or federal statutory right by failing to assist Plaintiff in obtaining access to his bank account. *See Wyatt,* 504 U.S. at 161 (§ 1983 protects "federally guaranteed rights"); *Sullivan*, 526 U.S. at 49-50 (a § 1983 plaintiff "must establish that [he was] deprived of a right secured by the Constitution or laws of the United States"); 42 U.S.C. § 1983 (imposing liability on persons who, under color of law, deprive individuals "of any rights, privileges, or immunities secured by the Constitution and laws"). Plaintiff's claim against the Denver Sheriff's Staff pursuant to 42 U.S.C. § 1983 is therefore legally frivolous. *Neitzke,* 490 U.S. at 324. Accordingly, it is

ORDERED that the Prisoner Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this __10th__ day of __November__, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02326-BNB

Dossie L. Howard III
Prisoner No. 241564
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/12/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk